UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | Civil Action No. __13-10213__ |
| | ) | |
| JUAN CARLOS NAVARETTE-BELTRAN, | ) | |
| (Reg. No. 22420-057) | ) | |
| Respondent | ) | |

MEMORANDUM IN SUPPORT OF PETITION PURSUANT TO
18 U.S.C. § 4246 FOR A HEARING TO DETERMINE PRESENT
MENTAL CONDITION OF AN IMPRISONED PERSON DUE FOR RELEASE

I.   Introduction

As fully detailed in the Risk Assessment Report prepared by Federal Medical Center (FMC) Devens mental health professionals, attached as **Exhibit A**, Respondent Juan Carlos Navarette-Beltran, Reg. No. 22420-057, a 36 year-old FMC Devens inmate, currently suffers from a serious mental illness, Schizophrenia, Paranoid Type, characterized by bizarre, persecutory delusions and auditory hallucinations, as well as disorganized thinking and violence. Since his arrest in 2004, and particularly since 2011, his mental illness has progressed and he has demonstrated extreme deterioration in functioning, with an increased incidence of violence. He has a fairly lengthy history of violence, both in prior criminal charges, as well as incident reports while incarcerated. His violence risk has increased substantially recently by his mental illness, lack of insight, and refusal to participate in treatment or accept medications. While he has improved at times when he received medication, he has expressed his clear intent not to comply with any medication regimen when released. Respondent lacks insight into his mental illness

1

and aggressive behavior and has denied he has current mental health problems or that he will take medication upon release. He has a lengthy history of serious criminal charges dating back to 1998, for Carrying of a Concealed Weapon in a Vehicle; in 2000, for Felony Assault with a Deadly Weapon with Intent to Inflict Serious Injury; and 2004, for Felony Breaking and Entering, as well as his current offense for Illegal Reentry. On each prior occasion he was deported back to Mexico, he immediately returned to the United States to live with family.

In the opinion of FMC Devens mental health professionals, releasing Respondent from prison would create a substantial risk of bodily injury to another person or serious damage to the property of another. Moreover, the Warden of FMC Devens has executed a Certificate of Dangerousness Due to Mental Disease or Defect requesting a hearing on a §4246 commitment. See **Exhibit B**. Additionally, suitable arrangements for state custody or placement and care of Respondent are not available at this time.[1]  See **Exhibit C**. Accordingly, the United States is requesting this Court to commit Respondent to FMC Devens's psychiatric hospital pursuant to 18 U.S.C. § 4246 for continued hospitalization and treatment until his release no longer constitutes a substantial risk of bodily injury to another person or serious damage to property of another or until suitable state placement may be found, whichever is earlier.

II.   The Legal Framework

Title 18 U.S.C. § 4246 details the procedures for hospitalization of a person due for release from prison but suffering from a "mental disease or defect." See generally United States v. Ecker, 78 F.3d 726, 728 n.2 (1st Cir. 1996). As the Eighth Circuit Court of Appeals has noted, the statute "provides for the indefinite hospitalization of a person who is due for release but who,

---

[1] As of the date of this filing, FMC Devens has not received a final determination from the North Carolina Interstate Compact Coordinator ("ICC").

as the result of a mental illness, poses a significant danger to the general public." United States v. S.A., 129 F.3d 995, 998 (8th Cir. 1997) (citing United States v. Steil, 916 F.2d 485, 487 (8th Cir. 1990)).

Under the federal involuntary commitment scheme, the district courts are entrusted with "an awesome responsibility to the public to ensure that a clinical patient's release is safe." United States v. Bilyk, 949 F.2d 259, 261 (8th Cir. 1991) (quoting United States v. Clark, 893 F.2d 1277, 1282 (11th Cir. 1990)). Section 4246 "is a mechanism intended to provide a safeguard to the general public and to ensure that mentally ill and dangerous individuals receive proper treatment." S.A., 129 F.3d at 999.

Like 18 U.S.C. § 4245 commitment proceedings, § 4246 commitment proceedings are "civil" in nature, see, e.g., United States v. Ecker, 78 F.3d 726, 727 (1st Cir. 1996), S.A., 129 F.3d at 998, because in such proceedings "the Government's power is not wielded in a punitive manner." Muhammad, 165 F.3d at 332 (citing United States v. Baker, 45 F.3d 837, 842 (4th Cir.), cert. denied, 516 U.S. 872 (1995)). Therefore, the constitutional rights to which a defendant in a criminal trial is afforded do not apply in the civil commitment context. Baker, at 844; United States v. Veltman, 9 F.3d 718, 721 (8th Cir. 1993) (noting that "Congress decided not to offer the full procedural protections available in criminal trials).

Nevertheless, "because an adverse result in a commitment hearing results in a substantial curtailing of the respondent's liberty . . . the Supreme Court has held that procedural due process does guarantee certain protections to civil commitment respondents." Baker, 45 F.3d at 843 (citing Vitek v. Jones, 445 U.S. 480, 491-94 (1980)). Additionally, Congress, by statute, has expressly provided certain protections. See 18 U.S.C. § 4247(d).

Proceedings under § 4246 are triggered when the director of a facility in which a person is incarcerated files a certificate[2] with the clerk of court certifying that a person whose sentence is about to expire is: (1) "presently suffering from a mental disease or defect" (2) "as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another," and (3) "suitable arrangements for State custody and care of the person are not available." See 18 U.S.C. § 4246(a); Ecker, 78 F.3d at 728 n.2; S.A., 129 F.3d at 998; United States v. Sahhar, 917 F.2d 1197, 1200 (9th Cir. 1990).  The statute expressly notes that a certificate "filed under this subsection shall stay the release of the person pending completion of procedures contained in this section" 18 U.S.C. § 4246(a) (emphasis added); United States v. Chairse, 18 F. Supp. 2d 1021, 1023 (D. Minn. 1998).  Accordingly, the filing of the instant certificate stays Respondent's release date from Bureau of Prisons custody until the remaining § 4246 procedures are completed.

After the certificate is filed, but prior to the date of the hearing, the court "may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric report be filed with the court, pursuant to the provisions of section 4247(b) and (c)."  18 U.S.C. § 4246(b).  Since FMC Devens staff has already provided an evaluation, see **Exhibit A**, this subsection of the statute may result in the court ordering an independent evaluator from the community, if it chooses to do so.

Next, the court holds a hearing conducted pursuant to the provisions of section 4247(d). See 18 U.S.C. § 4246(c).  At the hearing, the prisoner is entitled to be represented by counsel, who is to be appointed for him, pursuant to 18 U.S.C. § 3006A, if he is "financially unable to

---

[2] The applicable certificate for the instant case, signed by FMC Devens Warden J. Grondolsky, is attached as **Exhibit B**.

obtain adequate representation." § 4247(d). FMC Devens Legal Assistant Cheryl Magnusson has provided a Declaration (attached as **Exhibit D**) to assist the Court in making this determination. Furthermore, at the hearing the prisoner is also "afforded an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing."

18 U.S.C. § 4246(d) then provides that "[i]f, after the hearing, the court finds by clear and convincing evidence that the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, the court shall commit the person to the custody of the Attorney General." 18 U.S.C. § 4246(d). [3]

Thus, to hospitalize an inmate pursuant to §4246, the government must show the following factors: "(1) mental disease or defect; (2) dangerousness if released; and (3) no suitable state placement." Ecker, 30 F.3d at 970; S.A., 129 F.3d at 1000. The United States submits that the attached Risk Assessment Report constitutes clear and convincing evidence that

---

[3] The statute goes on to state that the Attorney General "shall release the person to the appropriate official of the State in which the person is domiciled or was tried if such State will assume responsibility for his custody, care, and treatment. The Attorney General shall make all reasonable efforts to cause such a State to assume such responsibility. If, notwithstanding such efforts, neither such State will assume such responsibility, the Attorney General shall hospitalize the person for treatment in a suitable facility, until--
  (1) such a State will assume such responsibility; or
  (2) the person's mental condition is such that his release, or his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment would not create a substantial risk of bodily injury to another person or serious damage to property of another; whichever is earlier. The Attorney General shall continue periodically to exert all reasonable efforts to cause such a State to assume such responsibility for the person's custody, care, and treatment."
See 18 U.S.C. § 4246(d).

these three factors are satisfied in the instant case.[4]

After an individual is committed pursuant to § 4246, the director of the facility in which the person is hospitalized is required to prepare annual reports "concerning the mental condition of the person and containing recommendations concerning the need for his continued hospitalization." 18 U.S.C. § 4247(e)(B). The reports are submitted to the court that ordered the person's commitment to the facility. Id. Accordingly, if Respondent is committed pursuant to § 4246 and Respondent remains designated to FMC Devens, FMC Devens will prepare and submit annual reports to this Court. If Respondent is redesignated to another FMC, the newly designated FMC would prepare and submit the annual report to this Court.

Finally, the statute provides for discharge from hospitalization "[w]hen the director of the facility in which the person is hospitalized . . . determines that the person has recovered from his mental disease or defect to such an extent that his release would no longer create a substantial risk of bodily injury to another person or serious damage to property of another. . . ." Id., § 4246(e). The court then "shall order the discharge of the person or, on the motion of the attorney for the Government or on its own motion, shall hold a hearing . . . to determine whether he should be released." Id.

III.  Conclusion

For the reasons more fully detailed in the Risk Assessment Report, the United States submits that there is clear and convincing evidence that: (1) Respondent is presently suffering from a mental disease or defect; (2) as a result of this mental disease or defect, his release would

---

[4] Significantly, "[o]vert acts of violence . . . are not required to prove dangerousness" under § 4246. Ecker, 30 F.3d at 970 (citing United States v. Steil, 916 F.2d 485, 487-88 (8th Cir. 1990) (delusions and threats enough to prove dangerousness even though defendant never had the opportunity to act on them)).

create a substantial risk of bodily injury to another person or serious damage to the property of another; and (3) suitable arrangements for state custody and care are unavailable. The United States therefore requests this Court to schedule a hearing pursuant to 18 U.S.C. § 4246 to determine the present mental condition of Respondent; issue an order finding that Respondent continues to suffer from a mental disease or defect; and commit Respondent to the custody of the Attorney General for continued hospitalization and treatment until suitable state placement may be found or until Respondent's release no longer constitutes a substantial risk of bodily injury to another person or serious damage to property of another, whichever is earlier.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

*/s/ Jennifer A. Serafyn*
By: Jennifer A. Serafyn
Assistant U.S. Attorney
United States Attorney's Office
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100

Dated: February 4, 2013    Jennifer.Serafyn@usdoj.gov

## **CERTIFICATE OF SERVICE**

      This is to certify that on this date a copy of the foregoing will be sent to Respondent's counsel at the following address:

>William W. Fick, Esq.
>Assistant Federal Defender
>Federal Public Defender Office
>51 Sleeper Street, 5th Floor
>Boston, MA 02210

                                               */s/ Jennifer A. Serafyn*
                                               Jennifer A. Serafyn
Dated: February 4, 2013                Assistant U.S. Attorney